<div style="margin-left: margin">May Term, 1840.<br>KLINGER<br>v.<br>BROWNELL.</div>

---

KLINGER and Others *v.* BROWNELL.

In case of a judgment against a defendant by default for not appearing, the record must show, in some manner, that process had been served on him.

In a suit against several persons on a joint contract, the plaintiff cannot, in general, enter a *nolle prosequi* as to one of the defendants, and take judgment against the rest.

<div style="margin-left: margin">*Wednesday,*<br>*June* 3.</div>

ERROR to the *Allen* Circuit Court.

DEWEY, J.—This was an action of covenant against several defendants on a joint contract. One of the defendants appeared to the action, but did not plead; as to him, the plaintiff entered a *nolle prosequi.* A suggestion of "not found" was made as to another defendant. The rest of the defendants made no appearance, and an interlocutory judgment was entered against them for the default; and afterwards, on the execution of a writ of inquiry, there was final judgment, though the record does not show that any of them had notice of the suit.

This judgment is erroneous. When judgment goes against a defendant for default of appearance, the record must show, in some manner, that process was served upon him. 4 Blackf. 2.

A plaintiff who has instituted a joint action founded on a contract cannot, in general, enter a *nolle prosequi* as to one defendant, and take judgment against the rest. There are some exceptions to this rule, but the case presented by the record is not embraced within any of them. No reason is shown why the joint covenant, on which the action was founded, was not as obligatory upon the defendant as to whom the *nolle prosequi* was entered, as upon those against whom judgment was rendered. *Palmer* v. *Crosby*, 1 Blackf. 139, and n. 3.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the judgment by default inclusive set aside, with costs. Cause remanded, &c.

*T. Johnson*, for the plaintiffs.