SullivaN, J.
Debt by Bottorff and another against Miller on a promissory note, and judgment by default.
The only error assigned is, that the record does not show that the defendant in the Circuit Court had notice of the suit.
The capias ad respondendum was returned to the clerk's office,with a recognizance of bailindorsed thereon according to the form prescribe'd by the statute,and signed by one, Jonathan Hunt. This was the only indorsement on the -writ, and *33 the Circuit Court bad no other evidence of service than that which it contained.
C. C. Nave, for the plaintiff.
C. Fletcher, 0. Butler, and S. Yandes, for the defendants.
It is contended that the indorsement on the writ is prima fade evidence of service on the defendant. We think not. The defendant was not a party to the recognizance. It may have been taken, and the defendant contends it was taken *without his knowledge or consent. It therefore furnishes no evidence whatever against him. Were he a party to it, the presumption would be otherwise. To regard such an indorsement as legal evidence of the service of process, would be to encourage fraud and collusion.
It is the duty of a sheriff, in such cases, to execute the process according to the command of the writ, and to return it with his doings on the return day.
As the record does not show that the defendant had notice of the suit, the judgment is erroneous. Bliss v. Wilson, 4 Blackf., 169.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.