## Dixon v. Boyer.

Suit by notice and motion, under the act of 1838, against a sheriff for not returning an execution. Judgment by default, damages assessed by a jury, and final judgment for the plaintiff. In the judgment, the Court stated that it appeared to their satisfaction that notice of the motion had been served on the defendant ten days, &c. *Held*, that there was no error in the proceedings.

Nov. Term,
1845.

Dixon
v.
Boyer.

Friday,
December 5.

ERROR to the *Clark* Circuit Court.

SULLIVAN, J.—This was a proceeding by notice and motion, under the 29th sect. of the act of 1838 subjecting real and personal estate to execution, commenced by *Boyer* against *Dixon*, sheriff of *Greene* county, for failing to return an execution, issued and directed to him from the *Clark* Circuit Court. The defendant having failed to appear, judgment was taken against him by default, and a jury was impanelled to assess the plaintiff's damages. Final judgment for the plaintiff.

The special errors assigned are, 1st, That it does not appear from the record that the plaintiff in error had notice of the suit; and, 2dly, That the jury that assessed the damages was not impanelled according to law.

The Circuit Court, in the judgment we are reviewing, say, that it appeared to their satisfaction that notice of the motion had been served on the defendant ten days before the first day of the term at which the judgment was rendered; and the only question as to the first error assigned is, whether that is sufficient to show that the defendant had notice, or whether the return itself is a necessary part of the record to prove the fact.

The decisions of this Court heretofore made are to the effect, that, in a judgment by default, it must appear by the record that the defendant had notice of the suit, otherwise the judgment against him will be erroneous. 4 Blackf. 169. 5 *id*. 332. But we do not think it material, whether the fact appear from the return to the writ or notice set out *in hæc verba* in the record; or whether it appear from the substance of it set out in the judgment of the Court. In either case, the fact is shown by the record, and that is all that is required. If the Court were satisfied of the fact, and so express themselves, the presumption is, in the absence of evidence to the contrary, that the proof of the fact was legal and sufficient. The first error complained of, therefore, is not well assigned.

The second we think is also unavailing. It was proper that the Court, in such a case as this, should inquire of the damages by a jury; and we see no irregularity in impanelling the jury, nor is any pointed out to us.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Watts*, for the plaintiff.

*J. H. Thompson*, for the defendant.