May Term,
1857.

BLAIR
v.
DAVIS.

---

## BLAIR and Another *v.* DAVIS.

Process served on the 31st of *August.* Term commenced on the 10th of *September.* *Held*, that the service was in time.

This cause was docketed for trial below on the fifth day of the term. At the calling of the docket for issues on the second day, a rule was taken to plead on the third day, and upon failure to plead, the defendant was defaulted and judgment rendered against him. *Held*, that there was no error in this.

Where judgment is taken by default, a motion to set aside the default must precede an appeal to this Court.

*Thursday,*
*June 4.*

APPEAL from the *Montgomery* Circuit Court.

DAVISON, J.—*Davis*, who was the plaintiff, sued *Blair* and *Hall*, upon a promissory note for the payment of 850 dollars. Upon the filing of the complaint process was issued, whereby the sheriff was commanded to summon the defendants to appear, &c., in the Circuit Court, on the second day of its next term. The process was served on the 31st of *August*, 1855, and the term to which it was returnable commenced on the 10th day of *September*. The clerk, in making up his docket, set down the cause for trial on the fifth day of the term. On the second day the plaintiff moved for, and obtained, a rule on the defendants to answer on the third day; on which day, having failed

to answer, they were defaulted and judgment accordingly rendered against them. And on the sixth day of the term, the defendants appeared and prayed an appeal to this Court, which was granted.

Two errors are assigned. 1. The process was not served in time for a judgment at the *September* term of the Court. 2. Judgment was rendered two days prior to the day on which the cause was set for trial.

There is nothing in the first assignment of error. The process, it appears, was served on the 31st of *August,* and the term of the Court commenced on the 10th of *September* following. Excluding the day on which the process was served, and including the first day of the term, the service was sufficient in point of time. *Martin* v. *Howell,* 8 Ind. R. 501.— *Dugdale* v. *Ryan, id.* 529.— *Womack* v. *McAhren, ante,* p. 6.

The second assignment involves the construction of a statutory rule of practice. It is enacted that " on the second and each succeeding day of the term, the Court shall call as many of the causes which stand for trial at such term, for issues, as the business of the Court will permit; the Court shall call the causes in the order they stand on the docket, and shall compel the parties to file their respective pleadings, &c., at such time as the Court shall deem just, &c., and the pleadings shall be completed at an early day of the term." 2 R. S. p. 42. This provision authorizes the Court, on the second day, to call for issues, any cases set for trial on that or any subsequent day of the term, provided they be called in the order in which they stand on the docket. The object is to have the issues completed when the cases, in their order, may be called for trial. Here, the defendants were summoned to appear and answer on the second day. They were plainly told that, though their case was not set for trial on that day, the Court might require them to appear on the day named in the summons, and answer the complaint. But in this instance, the defendants failed to appear. Hence the Court had a right to presume that there would be no defense set up to the action. They were, therefore,

May Term, 1857.

clearly in default, and the judgment before us seems to be the proper result.

There is, however, another ground upon which the judgment must be sustained. The errors assigned are not properly examinable on appeal. The defendants should have moved to set aside the default, and thereby given the Court below an opportunity to revise its own rulings. Having failed to make the motion, they are not in position to require this Court to decide the questions arising in the record.

Per Curiam.—The judgment is affirmed, with 6 per cent. damages and costs.

S. C. Willson and J. E. McDonald, for the appellants.

J. R. Slack, for the appellee.