Nov. Term,
1857.

NEW ALBANY
AND SALEM
RAILR'D CO.
v.
WELSH.

THE NEW ALBANY AND SALEM RAILROAD COMPANY *v.*
WELSH.

By the R. S. 1852, if the record on appeal does not contain a copy of the summons for the defendant, and show the same to have been properly served, a judgment by default will be reversed.

*Semble,* that in an action against a railroad company for killing cattle, the ten days' service is not sufficient notice under the act of *March* 4, 1853.

APPEAL from the *Pulaski* Court of Common Pleas.

*Friday, November 27.*

STUART, J.—Suit by *Welsh* against the railroad company, for killing stock on their road. The stock killed, or severely injured, were a steer, heifer and colt, alleged to be of the value of 150 dollars. The injury was done in the fall of 1855; suit instituted *January,* 1856; and judgment by default in *April,* 1856, in favor of *Welsh,* for 105 dollars.

The railroad company appeals. Several errors are assigned; but as that in relation to process must be decisive of the whole case, the others need not be noticed.

There is a process set out in the record at length, dated *January* 2, 1856, and indorsed thus: "Returned *March* 6, 1856, by order of plaintiff, without service." At the *April* term of the *Pulaski* Common Pleas, the case was called, when the following proceedings were had:

" Now comes the plaintiff by his attorney, and the defendant being three times called comes not, but herein wholly makes default. And it appearing to the satisfaction of the Court that the defendant had been served with process ten days prior to the first day of the present term," &c.:—then follows judgment by default.

The question is, does the record sufficiently show service?

It was at one time held in this Court that the writ and return were a necessary part of the record, where the judgment was by default. *Bliss* v. *Wilson,* 4 Blackf. 169. Otherwise it was held that the judgment was a nullity. *Ibid.—Rany* v. *The Governor, id.* 2. In *Klinger* v. *Brownell,* this ruling was somewhat modified. It was there held that in case of a judgment against a defendant by default,

Nov. Term,
1857.

New Albany
and Salem
Railr'd Co.
v.
Welsh.

the record must show in some manner that process had been served upon him. 5 Blackf. 332. Still later, it was held that, as the record did not show that the defendant had notice of the suit, the judgment by default was erroneous. *Miller* v. *Bottorff*, 6 Blackf. 30.

But in *Dixon* v. *Boyer*, 7 Blackf. 547, all these cases were virtually overruled, and it was held sufficient for the Court to certify that process had been served ten days, as in the case at bar.

But the revision of 1852, under the head of "appeal in civil cases," changed the rule again. In directing what shall be made part of the transcript on appeal to this Court, it is provided that, "All proper entries made by the clerk, and all papers pertaining to the cause and filed therein (except a summons for the defendant, where all the persons named in it have appeared to the action, &c.), are to be deemed parts of the record." 2 R. S. p. 159. The exception shows that the summons is to be regarded as one of the papers pertaining to the cause in cases where the defendants named therein do not appear—that is, are defaulted. Where the defendants named in the summons have appeared, the summons need not be regarded as a part of the record; for then the summons has performed its office.

The record before us not showing the process issued and served on the defendant, the judgment must, under the above statute, be held erroneous.

It might be further suggested whether, even if the summons showing service of ten days, had been set out, that would have been sufficient. The law of *March* 1, 1853, provides for ten days' notice in suits for cattle killed, &c. Laws of 1853, p. 113. But this seems to be repealed by the subsequent act of *March* 4, 1853, so far as to require thirty days' notice, in certain cases. Laws of 1853, p. 102.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. G. Cooper*, for the appellant.