Nov. Term,
1859.

FRASIER
v.
HUBBLE.

------

### FRASIER and Wife *v.* HUBBLE.

Tuesday,
December 13.

APPEAL from the *Kosciusko* Court of Common Pleas.
*Per Curiam.*—Action to foreclose a mortgage.

The complaint alleges that the appellants, who were the defendants, executed to one *George R. Thralls* a mortgage on certain lands therein described, to secure the payment of 300 dollars, evidenced by two promissory notes, copies of which are filed with the complaint; and that *Thralls* had assigned the notes to *Hubble*, the plaintiff below. It is averred that the notes are unpaid. And the relief prayed

is, that the plaintiff have judgment for 351 dollars, and a sale of the mortgaged property, &c.

The record shows that at the *February* term, 1857, one *Andrew J. Power*, an attorney of said Court, and attorney in fact for the defendants, appeared in the same Court, filed a warrant of attorney executed by the defendants, authorizing him to appear and confess a judgment in favor of the plaintiff for 351 dollars; and further, the warrant authorizes a sale of the lands described in the mortgage, for the payment of such judgment, &c.

The warrant of attorney is set out in the complaint, and is in the usual form, &c. And, upon the filing of it, the Court rendered a judgment in favor of the plaintiff for 351 dollars with costs, &c., and for the payment thereof, ordered the lands described, &c., or so much thereof as might be necessary for the purpose, to be sold, &c.

These proceedings may be, in some respects, irregular; still there were no exceptions, in any form, taken to the action of the Common Pleas; and there is, consequently, none of the errors assigned on the record properly before us.

If the defendants had, in the first instance, appeared in the lower Court and moved to set aside the judgment and order of that Court, on the ground that its proceedings in the case were irregular, the action of the Court on such motion, might have been the subject of review in this Court; but the record, as it now stands, contains no action of the Common Pleas properly before us. We have often decided that "Where a judgment is taken by default, a motion to set aside the default must precede an appeal to this Court." *Blair* v. *Davis*, 9 Ind. R. 236.—*Harlan* v. *Edwards*, at the present term (1). The principle upon which these cases were decided, well applies to the case at bar. The appeal must, therefore, be dismissed.

The appeal is dismissed with costs.

*J. S. Frazer* and *G. W. Frasier*, for the appellants.

(1) *Ante*, 430.