### WHITESIDE v. ADAMS.

MOTION TO SET ASIDE A DEFAULT.—An affidavit filed in support of a motion to set aside a default, can only be made part of the record by a bill of exceptions.

DEFECT OF PARTIES.—An objection to a complaint for a defect of parties must first be made in the court below.

SERVICE OF PROCESS.—DEFAULT.—Where a judgment has been taken by default, an objection to the service of process must be made the ground of an application to be relieved from the judgment before it can be noticed in the Supreme Court.

APPEAL from the *Bartholomew* Circuit Court.

FRAZER, J.—*Adams* sued *Whiteside* upon a judgment rendered in another state. The summons was returned by the sheriff, served "by leaving a copy at the last usual place of *Abram L. Whiteside.*" On the 19th of *October*, 1864, *Whiteside* was defaulted and judgment rendered against him for $2,065 57. At the *May* term, 1865, both parties

appeared, and the defendant, upon affidavit, moved to set aside the default, and for liberty to defend the suit. The motion was overruled and he appeals.

The errors assigned question the sufficiency of the service of the process, the sufficiency of the complaint, and the ruling upon the motion to set aside the default.

The last of the questions thus raised must be decided against the appellant. The affidavit on which the motion was based could only be made part of the record by bill of exceptions, and as this was not done we cannot properly know its contents, and without such knowledge we cannot say that the court erred upon the motion. *Thompson* v. *White*, 18 Ind. 373.

The complaint is said to be bad for the reason, only, that there was a defect of parties. This objection cannot be successfully made for the first time in this court. The same remark applies to the return to the process, that defect not having been made the ground of a motion to set aside the default. *Harlan* v. *Edwards*, 13 Ind. 430.

The judgment is affirmed, with costs.

*R. Hill* and *J. M. Rogers*, for appellant.

*W. Herrod, A. G. Porter, B. Harrison* and *W. P. Fishback*, for appellee.