### NUTTING and Others *v.* LOSANCE.

MOTION TO SET ASIDE DEFAULT.—An affidavit filed in support of a motion to set aside a default should show that the defendant has a meritorious defense to the action.

SECURITY FOR COSTS.—The ruling of the court below upon a motion to require the plaintiff to furnish security for costs can only be made part of the record by a bill of exceptions.

NEW PARTIES.—PROCESS.—Suit for the specific performance of a contract for the sale of real estate against A, who appeared and filed an answer, in which it was alleged, *inter alia,* that after the contract with plaintiff, and before the commencement of the suit, he had sold and conveyed the property to B. The cause was then continued, by agreement, with leave to amend by making B a party defendant, but the clerk failed to enter the leave to amend. At the next term, the entry was made *nunc pro tunc,* and the plaintiff then amended his complaint by making B a defendant and charging him with notice of the plaintiff's equity. The record then recites, that "it appearing to the court by the return of the sheriff on the summons issued herein, that notice of the pendency of said action has been given to B more than ten days prior to the first day of the present term of this court, the said A and B are called and come not, but make default," &c. A judgment was thereupon entered for the plaintiff.

*Held,* that the summons and return of the officer in such a case are properly parts of the record, but the failure of the clerk to copy them does not

carry from the record the statement that process has been duly served, and it must therefore be assumed that the default was after the service of process. But,

*Held,* that as B was not a party to the original complaint, and no cause of action was shown therein against him, the issuing of the process against him in vacation, without an order of the court, and before the complaint was amended, was illegal and void, and did not authorize a default.

APPEAL from the *Ripley* Circuit Court.

ELLIOTT, J.—This was a complaint by *Losance,* the appellee, for the specific performance of a contract for the conveyance of real estate. As originally filed, the complaint was against *Nutting* alone.

At the first term after the service of process on *Nutting,* the cause was continued, at the instance of his attorney, owing to his unavoidable absence during that term.

At a subsequent term, *Nutting* appeared and filed an answer in denial of the complaint, and also setting up matter in avoidance, and alleged that after the contract with the plaintiff, and before the commencement of the suit, he had sold and conveyed said real estate to *Schnipe* and *House.* A replication was filed to the answer, and the cause was thereupon continued by agreement of the parties, with the leave of the court to the plaintiff to amend his complaint by making said *Schnipe* and *House* defendants thereto. The clerk, however, omitted to enter the leave to amend the complaint. At the succeeding term of the court, on the plaintiff's motion, a *nunc pro tunc* entry of said leave to amend was made, by order of the court, and the plaintiff then amended his complaint by making said *Schnipe* and *House* defendants, and charging them with notice of his equity at the time of their purchase. The record then states: "And it appearing to the satisfaction of the court, by the return of the sheriff on the summons issued herein, that notice of the pendency of said action has been given to *Nortz Schnipe* and *Jacob House,* defendants herein, more than ten days prior to the first day of the present term of this court, and the said *Ebenezer Nutting, Nortz Schnipe* and

*Jacob House*, being each three times audibly called, come not, but herein make default." The cause was thereupon submitted to the court by the plaintiff for trial; and the court, after hearing the evidence, found for the plaintiff and rendered a final decree accordingly, and appointed a commissioner to execute and deliver to the plaintiff a deed of conveyance for said real estate. On the next morning after these proceedings were had, and before the minutes thereof were signed by the judge, *Nutting* appeared, and on an affidavit filed, moved the court to set aside said finding and judgment, which motion the court overruled, and *Nutting* excepted. This ruling of the court is assigned for error.

We cannot say that the court erred in refusing to set aside the finding and judgment. The reason stated in the affidavit for the absence of *Nutting* at the time of trial is, that he had employed *Scobey*, an attorney of said court, to attend to said case for him, and expected that he would do so, or procure the services of some other attorney in his stead, in case of his absence; that he confidently supposed that said *Scobey* was in attendance at said court until the evening before said trial, when he received a letter from him, saying that he could not attend said court; that he, the affiant, left home the next morning and came to the court as soon as he could, but on reaching there learned that judgment had been rendered against him. The affidavit, however, failed to show that he had any defense, in fact, to said action, or that he had any witnesses or other evidence, the production of which would likely produce a different result on another trial. No valid reason, therefore, was shown why the finding and judgment should be set aside, or that any injury had resulted to *Nutting* by the trial in his absence.

Another objection urged to the proceedings in the court below is, the refusal of the court to require the plaintiff to give a bond for costs. This objection is not presented by the record. The code provides that a transcript of motions, affidavits and other papers, when they relate to collateral matters,

shall not be certified, unless made part of the record by exception or order of court. 2 G. & H., § 559, p. 273. Here, the clerk has copied into the record an affidavit of the nonresidence of the plaintiff, and the ruling of the court on a motion for a bond for costs. The affidavit could only be properly made a part of the record by a bill of exceptions. No such bill was taken and filed, and the copying of the affidavit into the record was an error of the clerk. It is improperly there, and we cannot notice it.

The only remaining error complained of is, that at the same term of the court at which *Schnipe* and *House* were made parties, by an amendment to the complaint, without any appearance on their part, and the appellants claim without process, they were defaulted and judgment rendered against them. The errors are assigned jointly by all the appellants. However erroneous this action of the court may have been, it is not a matter of which *Nutting* can complain, as it relates to *Schnipe* and *House* alone.

We cannot say, however, that there was no process served on them. True, none is copied into the record; but it appears as a proper entry, and as part of the proceedings of the court, that it was made to appear to the satisfaction of the court, by the return of the sheriff on the summons issued in the cause, that notice of the pendency of the action had been given to *Schnipe* and *House* more than ten days prior to the first day of the term of the court. The summons and return of the officer in such a case are properly parts of the record, and it was the duty of the clerk to have certified them, but his failure to do so does not carry from the record the statement that process had been duly served. We must, therefore, assume that the default was after the service of the process.

A majority of this court, however, are of opinion, as *Schnipe* and *House* were not made parties to the original complaint, and no cause of action was shown therein against them, that the issuing of the process against them in vacation, without an order of the court, and before the complaint

was amended by making them parties, was illegal and void, and did not, therefore, impose on them any obligation to appear to the action, or authorize a default on their failure to do so, after the complaint was amended by making them parties. In this conclusion I do not concur. It seems to me, that as the answer of *Nutting* set up the fact that he had sold and conveyed the real estate to *House* and *Schnipe* before the commencement of the suit, which, if true, made them necessary parties to the suit, this was of itself sufficient to authorize them to be summoned to answer to such alleged interest, and hence that their failure to appear justified a default against them; and if so, under the repeated rulings of this court, if the action of the court below was in other respects erroneous as to them, an application should first be made for the correction of the error in the lower court.

The judgment, as to *Nutting*, is affirmed, with costs, and as to *Schnipe* and *House*, is reversed, with costs.

*J. S. Scobey*, for appellants.

*J. D. Haynes*, for appellee.