## Grossman *v.* Lauber and Another.

Use and Occupation.—Set Off.—Taxes on real estate, paid by the occupant or tenant thereof, constitute, under the statute, (1 G. & H. § 199, p. 113) a good set-off in an action against such occupant or tenant, but the value of improvements voluntarily made do not.

Same.—Infancy.—Necessaries.—It is a general rule that a step father who takes the infant children of his wife by a prior marriage to reside with him, as members of the family, cannot hold them liable for necessaries which he furnishes them.

Same.—But where a step father, at the request of his wife, consents to, and does, take her infant children by a former marriage to his house, and maintains and educates them in consideration of their services, and the use of the land which belonged to her and them as tenants in common, and which constituted a very inadequate compensation to him, they cannot hold him responsible for the use and occupation of the land, without themselves being responsible for the necessaries furnished by him to them; and in an action by them against him for the use and occupation of the land, the value of the necessaries furnished constitutes a valid set-off to the extent of the rents and profits of the land.

Practice.—Where the general denial is pleaded, any other plea merely amounting to the general denial may be struck out, on motion. The sustaining of a demurrer to such plea does not, therefore, do any harm.

Grossman *v.* Lauber and Another.

LEASE.—PAYMENT.—A lease from one tennant in common, who is in possession of the land, and payment of the rent to him, may be pleaded in bar of an action for use and occupation by the other tenants in common.

SAME.—Payment to one tenant in common for the use and occupation of the land, and for waste committed thereon, is a good defense to an action by the other tenants for such use and occupation and waste.

TENANTS IN COMMON.—A tenant in dower, not having her dower interest in the land assigned to her, is not a tenant in common with the children of the deceased owner of the land.

APPEAL from the *Ripley* Common Pleas.

FRAZER, J.—This was a suit to recover for the use and occupation of lands, and for the value of a building, and timber trees removed therefrom. The answer was in seven paragraphs. 1. General denial. 2. As to the use and occupation; that the premises were used and occupied by one *Mary Grossman*, mother of the plaintiffs, who was a tenant in common with the plaintiffs, owning one-third of the premises for life; that said *Mary* leased the premises to the defendant, and that he had fully paid the rents to her. 3. As a defense to the whole complaint, that said *Mary Grossman* was a tenant in common, owning one-third · of the premises for life, using and occupying the premises during the period mentioned in the complaint, and that the defendant had fully paid her for rents, the house and the timber. 4. Payment to the plaintiffs. 5. As to use and occupation, that during the time, &c., *Mary Grossman* was the mother of the plaintiffs, and the wife of the defendant, and a tenant in common with them, and that said *Mary* occupied said lands. 6. That in 1849, the defendant married the mother of the plaintiffs, who was relying upon the land for the support of her infant children, the plaintiffs, one three, the other five years old, the rents of which were not sufficient for that purpose; that the defendant took the plaintiffs to his house, and furnished them a home, and for eight years cultivated the land, which was worth $15 per annum, of which one-third belonged to plaintiffs' mother, as a tenant in common with them, and one-ninth to each of the plaintiffs; that the defendant, for boarding, clothing and educating

the plaintiffs, expended $300, a sum greatly exceeding the value of the rents and of their labor and services, all of which was done by the defendant at the request of the mother, the plaintiffs having no other means of support. 7. As a set-off or counter-claim, that the defendant made lasting and valuable improvements on the land worth $110, and paid taxes thereon during his occupancy amounting to $30. Demurrers were sustained to each of these paragraphs, except the first and fourth, and that ruling is assigned for error.

The seventh paragraph of the answer, so far as it claimed to set off taxes paid on the lands during the defendant's occupancy thereof, was clearly good. The 199th section of the act concerning the assessment and collection of taxes seems to settle this question conclusively. 1 G. & H. 113. The demurrer to that paragraph was therefore erroneously sustained. The claim for improvements in that pleading, as they appear from its averments to have been voluntarily made, could not be allowed.

The sixth paragraph of the answer presents a question of some difficulty. Ordinarily, an infant is liable for necessaries, and it is also a general rule that a step father taking the infant children of his wife by a prior marriage to reside with him as members of his family, cannot hold them liable for necessaries. He is not legally bound to support them, and he may lawfully decline to receive them into his family, or he may receive them in pursuance of an express contract with their guardian, to be compensated for their maintenance, and in that case, he could as well recover as any other person. And should an infant contract with his step father for necessaries of the character named in the paragraph, and then avoid the contract upon the ground of infancy, no reason is perceived why the law would not imply a promise by him to pay the value of the necessaries. When the children are taken with the mother, the law seems to presume that it was voluntarily done, without any intention to claim compensation, and upon that ground rests

Grossman *v.* Lauber and Another.

the doctrine that he cannot recover. In the case before us, however, it appears by the paragraph that the use of the land, and the services of the infants, constituted a very inadequate compensation for their maintenance and education, but that the defendant, at the request of the mother, consented, for that consideration, to furnish them those necessaries. The facts pleaded exclude the idea that he did so voluntarily. He expected the use of the land. We perceive no reason in the law, and there is certainly none in equity, which shall now justify them in holding him responsible for use and occupation of the lands, unless they shall also be held responsible for the necessaries furnished. But the defense pleaded in the sixth paragraph seems to rest upon an express contract made by the mother. That did not bind the plaintiffs, of course, but in our opinion, the facts averred show a good set-off to the extent of the value of the rents and profits of the land. It would undoubtedly have been better pleading to have relied upon a set-off in the usual form, under which the particular circumstances averred might have been put in evidence. But under the code, the mere form of the pleading cannot vitiate it upon demurrer.

The fifth paragraph was, at best, but an argumentative denial that the defendant had used and occupied the lands, by alleging that the defendant's wife had done it as a tenant in common of the plaintiffs. This, as the general denial was pleaded, might have been stricken out on motion, and the action of the court, in sustaining the demurrer to it, could do no harm, the same facts being admissible in evidence under the general denial.

The second paragraph, as a defense to the claim for use and occupation, alleges a renting from a tenant in common of the plaintiffs, in possession of the whole premises, and a payment of the rent to her, and the third, as a defense to the whole complaint, alleges a payment to the tenant in common for the use and occupation, and for the waste alleged.

These were good defenses. *Decker* v. *Livingston*, 14 Johns. 479; *Austin* v. *Hall*, 13 *id.*, 286.

An issue was made on the fourth paragraph of the answer by a reply of general denial. The defendant offered to prove payment to *Mary*, his own wife, for the use of the plaintiffs' land, it appearing that the father of the plaintiffs died intestate, seized in fee of the lands, leaving *Mary*, his widow, surviving. She was entitled to dower, which had never been assigned. She was not a tenant in common, and this evidence was properly excluded.

The judgment is reversed, with costs, and the cause remanded, with directions to overrule the demurrers to the second, third, fourth and seventh paragraphs of the answer.

*E. P. Ferris*, for appellant.