*C. E. Walker* and *W. S. Roberts*, for appellants.

*H. W. Harrington* and *C. A. Korbly*, for appellee.

---

### CLEGG and Another *v.* FITHIAN.

DEFAULT.—*Motion to Set Aside.—Affidavit.—Record.*—An affidavit in support of a motion to set aside a default can be made a part of the record by a bill of exceptions only.

SAME.— *Court of Common Pleas.—First Day of Term.*—In a suit for an injunction in the court of common pleas, a default was taken, and final judgment was rendered, against the defendant, on the first day of the term.

*Held*, that this was error for which the default should have been set aside on motion.

APPEAL from the Clarke Common Pleas.

ELLIOTT, J.—Complaint for injunction, filed by Fithian against the appellants Clegg and Bellows, sheriff.

The complaint alleges, among other things, that "The Fort Wayne and Southern Railroad Company," for the purpose of constructing its road, had received upon subscrip-

tion to the stock of the company certain real estate, a part of which was block number one hundred, in the city of Jeffersonville, in said county of Clarke, except one hundred feet off the north end thereof; and for the purpose of making said real estate available in the construction of its road, said railroad company, on the 13th of June, 1854, executed and delivered to John D. Defrees, as trustee, a deed of trust on said real estate, including that hereinbefore described, to secure certain bonds issued by the company, of one thousand dollars each, with interest at the rate of seven per cent., and running till June 1st, 1859; that it was provided in said deed of trust that said railroad company "might deed in fee simple, with good warranty, to the holder of any of said bonds, when he might elect to receive the same, at any time within five years from the date thereof, one thousand dollars worth of the real estate described in said deed, at such sale prices as might be fixed upon by said company, at not less than four-fifths of the appraised value thereof, upon the surrender of said bond and the unpaid interest warrants to the treasurer of said company;" that on the 24th of August, 1860, Fithian, the plaintiff, being the holder of two of the bonds secured by said deed of trust, for one thousand dollars each, and numbered two hundred and twenty-five and two hundred and twenty-six, surrendered the same to the treasurer of said company, and in consideration thereof the company, by deed, conveyed to him, for the benefit of Fithian, Jones & Co., said block one hundred in the city of Jeffersonville, except one hundred feet off of the north end thereof; said two bonds and the unpaid interest thereon being more than four-fifths of the appraised value of the real estate so conveyed; that at the January term, 1856, of the Common Pleas Court of Clarke county, one Jesse L. Holman recovered a judgment against said railroad company for four hundred and twenty-nine dollars and forty-five cents and costs, and on the 28th of May, 1859, Holman assigned said judgment to the defendant Clegg, who, on the 31st of October, 1865, caused an execu-

tion to be issued thereon and placed in the hands of the defendant Bellows, the sheriff of said county; that Bellows had levied said execution on said part of block one hundred in Jeffersonville, as the property of the railroad company, and had advertised the same for sale; that the sale of said real estate on said execution would cast a cloud on the plaintiff's title, and he therefore prayed a perpetual injunction, &c.

Process was issued in the case, which was directed and delivered to the defendant Bellows, as sheriff, who acknowledged thereon service on himself, and served it on the defendant Clegg, more than ten days before the first day of the next succeding term of the court. On the first day of the term next after the service of process, the defendants were called, and not appearing, were defaulted; and a decree of perpetual injunction was rendered against them, as prayed for in said complaint. On the third day of the same term, Clegg appeared and moved the court to set aside the default rendered in the cause on the first day of the term, and filed an affidavit in support of the motion. The motion was overruled, to which Clegg excepted, and appeals here.

The refusal of the court to set aside the default is assigned for error.

The affidavit filed in support of the motion is copied into the record, but no bill of exceptions was filed, and the affidavit could only be made a part of the record by a bill of exceptions. It is not therefore properly in the record, and we cannot consider it in deciding the question. *Whiteside* v. *Adams*, 26 Ind. 250.

It does, however, appear by the record that the default was taken, and the judgment rendered, on the first day of the term, which, we think, was erroneous, and for that reason the default should have been set aside.

The statute provides, that "on the second and each succeeding day of the term, the court shall call as many of the causes which stand for trial at such term, for issues, as the business of the court will permit," &c. 2 G. & H. 95, sec. 68.

This provision is found in the code governing the practice in civil cases, and applies alike, both to the circuit court and to the common pleas; under which it has been the practice, as far as we are aware, in both courts, to docket civil causes, for issues, commencing on the second day of the term. The forty-second section of the act to establish courts of common pleas, &c., 2 G. & H. 28, provides, that "the business before said court shall be docketed and disposed of in the following order, to wit:

"*First.* The criminal business.

"*Second.* The business connected with the administration and settlement of estates, and the probate of wills and guardianships.

"*Third.* Other business connected with said court. The court of common pleas shall have power to make rules directing in what order business shall be docketed and disposed of, and upon what day of the term the jury shall be summoned."

We see nothing in this section in conflict with the provision of the code cited above. Nor does it authorize the court to make any rule contravening an express provision of the statute.

Several objections are urged to the sufficiency of the complaint as a cause of action. We are not satisfied that the complaint is good; nor do we hold it bad. No argument has been made in support of it, in behalf of the appellee. As averred in the complaint, the time within which the company was authorized to sell and convey any portion of the real estate included in the deed of trust was limited to five years from its date, and it appears by the complaint that the period of limitation had expired before the surrender of the bonds by Fithian and the conveyance to him by the company of the property in controversy. The rights and equities of the parties must, in a great measure, depend upon the construction to be given to the deed of trust; but it is not made a part of the record, as seems to have been the intention of the draftsman of the complaint, and

therefore, is not before us; and the averments in the complaint, of its contents, are too meager to enable us to give to it any certain or satisfactory construction. We do not say that it is necessary to the validity of the complaint that the trust deed, or a copy thereof, should be filed with it. But if it were, as the complaint was not demurred to, we would not reverse the judgment for that reason, if the averments in the complaint, of themselves, showed a valid cause of action.

As the judgment must be reversed, for the error in defaulting the appellants and rendering final judgment on the first day of the term, and as there will be an opportunity of presenting the facts of the case fully, we decide nothing as to the sufficiency of the complaint as it now is.

Judgment reversed, with costs, and the cause remanded, with directions to the court of common pleas to set aside the default, with leave to the plaintiff to amend the complaint, and for further proceedings.

*C. L. Dunham* and *M. Clegg*, for appellants.

*G. V. Howk* and *C. P. Ferguson*, for appellee.