*A. Steele* and *R. T. St. John* for appellees.

---

## BARNES ET AL. *v.* CONNER.

JUDGMENT BY DEFAULT.—*Practice.*—*Appeal.*—Where a judgment has been taken by default, the defendants having been personally served, a motion to set aside the default, showing merits in the defence, or proceedings for relief from the judgment, or to review it, must be made in the court below, before appeal.

PRACTICE.—*Pleading.*—*Misnomer.*—*Amendment.*—A complaint upon a promissory note, containing a misnomer or an omission to set out the full name, where the summons contains the full name and has been duly served, may be amended to correspond with the summons; and on appeal, this court will consider the amendment as made.

APPEAL from the Grant Common Pleas.

Barnes *et al. v.* Conner.

BUSKIRK, C. J.—This was an action by the appellee against the appellants, upon a promissory note executed by the appellants to George W. White, who indorsed the same to the appellee.

The appellants failing to appear to the action, they were called and defaulted, and judgment was rendered on such default.

There was no motion in the court below to set aside the default or for a new trial; nor was there any objection taken to the form of the judgment.

The appellants have assigned the following errors: first, the judgment is against Joshua Barnes and Benjamin H. Barnes, when the complaint is against Joshua Barnes and B. H. Barnes, without any averment that Benjamin Barnes is intended; second, there is no complaint against Benjamin H. Barnes; third, the complaint does not contain copies of note and assignment; fourth, the service and return is not made a part of the record.

The note was executed by Joshua and B. H. Barnes. The complaint was against Joshua and B. H. Barnes. The summons was against Joshua and Benjamin H. Barnes and was served on them by such names; and the judgment was rendered against them as described in the summons.

When a judgment has been taken by default, where the defendants were personally served, a motion to set aside the default, showing merits in the defence, or proceedings for relief from the judgment, or to review it, must be made in the court below before an appeal to this court, or no question will be presented for our decision. *Blair* v. *Davis*, 9 Ind. 236; *Harlan* v. *Edwards*, 13 Ind. 430; *Frasier* v. *Hubble*, 13 Ind. 432; *Kirby* v. *Robbins*, 13 Ind. 470; *Gray* v. *Dickey*, 20 Ind. 96; *De Armond* v. *Adams*, 25 Ind. 455; *Skeen* v. *Huntington*, 25 Ind. 510; *Nutting* v. *Losance*, 27 Ind. 37; *Goldsberry* v. *Carter*, 28 Ind. 59; *Ratliff* v. *Baldwin*, 29 Ind. 16; *Clegg* v. *Fithian*, 32 Ind. 90; *Clegg* v. *Patterson*, 32 Ind. 135; *Monroe* v. *Strader*, 33 Ind. 111.

The complaint will be regarded as sufficient in this case.

The appellee had the right to amend the complaint to correspond with the summons, and we will presume it was done, and treat it as made.

The note and indorsement were filed with, and constituted a part of, the complaint.

The summons and the return thereon are made a part of the record by section 559, 2 G. & H. 273, in cases of default, and they were copied into the record and show that appellants were duly and legally served.

We have been unable to see any merits in this appeal.

The judgment is affirmed, with costs and ten per cent. damages.

*J. Brownlee* and *H. Brownlee*, for appellants.

*M. M. Ray*, *G. H. Voss*, *B. F. Davis* and *J. A. Holman*, for appellee.