# IN GENERAL TERM, 1873.

## JOHN B. STUMPH *v.* HAYDEN S. BIGHAM, Appellant.

MORTGAGOR—*equity in—party to foreclosure—*
STATUTES—*construction—*
PRACTICE—*new trial.*

A mortgagor conveying his equity of redemption is not a necessary party to the foreclosure, unless it is sought to subject other property belonging to him to the satisfaction of the debt, which the simple foreclosure will not accomplish.

The language of Sections 633–5–7–38, 2 G. & H., 294–5–6, comprehends as synonymous, the terms—"judgment-debtor, and judgment-defendant"—and imply the same person within the meaning of the redemption law; and a subsequent purchaser under the mortgagor, in possession of the premises for one year after their sale, is a judgment debtor, and is liable for the rents, and profits in case of non-redemption.

It is not error to refuse a new trial upon an affidavit, which contains matter that would not constitute a good defense upon the trial.

*J. S. Harvey,* for appellant.

*C. L. Holstein,* for appellee.

NEWCOMB, J.—This is an appeal from a decision at Special Term, overruling a motion by the defendant to set aside a judgment rendered against him on default, and to permit him to answer the complaint.

A bill of exceptions informs us that the motion was overruled on the ground, that the affidavit filed in support of it, did not disclose a defense to the action.

The complaint, and affidavit combined, present this state of facts:

One Martha Dawson made her promissory note, and secured it by a mortgage on certain real estate, described in the complaint; which note, and mortgage became, by assignment, the property of the plaintiff, Stumph.

The mortgagor subsequently sold and conveyed the mortgaged premises to one Barnitz; the latter conveyed the same to Samuel W. Burnham, and Burnham conveyed to the defendant, who afterward took possession thereof. After these several conveyances Stumph foreclosed the mortgage, making Martha Dawson, and the defendant Bigham, parties defendant.

The mortgaged property was duly sold under the foreclosure judgment, and was purchased by the plaintiff, he receiving a certificate of sale. The property was not redeemed, and at the expiration of one year from the date of the sale, a deed was executed by the Sheriff to the purchaser, who then instituted this suit to recover from Bigham the rental value of the premises, which he had occupied from the time of the Sheriff's sale to the date of the deed.

The affidavit states that Bigham, between the time of his purchase from Burnham, and the execution of the deed by the Sheriff, made lasting improvements on the mortgaged property, of the value of $250.

The points made against the ruling at Special Term are:

1.   That Martha Dawson, and not the defendant, is liable

to the Sheriff's grantee for rents, on failure to redeem.

2.  That if liable for rents, the defendant is entitled to a set-off to the amount of his improvements.

The Statute of June 4, 1861, 2 G. & H. 271, gives a right to the owner of land sold on execution, or to any mortgagee thereof, or a judgment-creditor having a lien on the land so sold, to redeem the same at any time within one year from the date of such sale, by paying to the purchaser, or to the Clerk of the Court, from which such execution, or order, was issued, the purchase money, with interest thereon at the rate of ten per cent. per annum.

The judgment-debtor, is, by the terms of the statute, entitled to the possession of the real estate so sold, for one year after the sale; but in case he fails to redeem by the end of the year, he is made liable to the purchaser for the reasonable rents, and profits of the premises.

Martha Dawson had sold and conveyed her equity of redemption, prior to the foreclosure of the mortgage, and as to the foreclosure, she was not a necessary party.  The only purpose in making her a defendant was to obtain a personal judgment on the note, so that if any balance of the debt against her remained unsatisfied after the sale of the mortgaged premises, an execution might issue therefor against her property.  *Stevens* v. *Campbell*, 21 *Ind.*, 471; *Story's Equity Pleading*, Sec. 197; *Buckham* v. *Beaver*, 17 *Ind.*, 367; *Shaw* v. *Hornaday*, 8 *Benf.*, 165.

Bigham, being the owner in fee of the mortgaged premises, was a necessary party defendant, and the only defendant really necessary to the foreclosure.  His rights in the property were duly foreclosed; he submitted to a sale, failed to redeem, and used and occupied the premises for a year after the Sheriff's sale, and we see no ground on which he can, or ought to be absolved from making to the purchaser the compensation provided by the statute in such cases.  The

Stumph *v.* Bigham.

foreclosure was, as to his interest in the property, a judgment, so designated in the statute, and he was, within the meaning of the redemption law, a judgment-debtor, although no personal judgment was rendered against him for the debt.— 2 G. & H. 294–5–6; sections 633–5–7–8. Martha Dawson cannot be liable, for she had parted with all her interest in the land before the foreclosure, and neither used, nor occupied it thereafter.

There is nothing in the claim of Bigham to be compensated for his improvements. The affidavit does not show but that they were made after the foreclosure; but if made before, we are not aware of any rule of equity that would give him compensation for them when he had notice of the prior mortgage at the time he made them, as the judgment of foreclosure against him necessarily shows that he had.

The judgment at Special Term is affirmed, with costs.

NOTE.—Council for appellee submitted by brief:

"It is true this court has held that under Sec. 559, 2 G. & H. 273, the summons and the return of the Sheriff thereon, showing service, must appear in the record of a judgment on default. *The N. A. & S. R. R. Co.*, v. *Welch,* 9 *Ind.,* 479.

It has also been repeatedly held, that an objection to the record for want of such showing must be first made in the court below, and that it cannot be raised in the first instance in this court. *The C. & C. R. R. Co.*, v. *Calvert,* 13 *Ind.,* 489; *Harlan* v. *Edwards,* 13 *Ind.,* 430; *Frazier* v. *Hubbell,* 13 *Ind.,* 432; *Blair* v . *Davis,* 9 *Ind.,* 286.

To the latter proposition, or rather its application, this court in *Cochnower* v. *Cochnower,* 27 *Ind ,* 253, made an exception. In that case, which was an appeal from a judgment of divorce on default, the court held that the question of the defect of the record in not showing the summons, and return could be first made on appeal, because the appellant had no other remedy, the court below having no power to disturb a judgment of divorce after the term at which it was rendered. The general rule, however, as laid down in the several cases *supra* is recognized and approved.

No reason can be suggested for not applying the rule to the case at bar.

Stumph *v.* Bigham.

Not only had the court below full power to hear and determine the objection now first made, but the appellant had his day there without making it.

Before the code it was held in several cases, that the summons and return were necessary parts of a record of a judgment by default. Reviewing these cases, Judge Sullivan, in *Dixon* v. *Boyer,* 7 *Ind.,* 547–8, said :

"The decisions of this court heretofore made are to the effect, that in a judgment by default, it must appear by the record, that the defendant had notice of the suit, otherwise the judgment against him will be erroneous. 4 *Blackf.,* 169 ; 5 *id.* 382. But we do not think it material whether the fact appear from the return of the writ, or notice set out in *haec verba* in the record, or whether it appear from the substance of it set out in the judgment of the court. In either case, the fact is shown by the record, and that is all that is required. If the court were satisfied of the fact, and so express themselves, the presumption is, in the absence of evidence to the contrary, that the proof of the fact was legal and sufficient."

The record of a judgment upon default, rendered by a court of general jurisdiction, could not be attacked collaterally upon the ground that the summons and return were not set out. The court is held to be competent to decide upon its own jurisdiction without setting out in its records the facts and evidence upon which such decision is based. Its record, or judgment is an absolute verity, not to be impeached. It is so held even where the record is altogether silent as to the summons, and its service. Collaterally, the jurisdiction of the person of the judgment defendant would be presumed conclusively.

*Freeman on Judgments, Secs.* 122, 124, 132. It follows then, of course, that such a judgment is not void.

By the act approved March 4th, 1867, (Acts 1867, p. 100) amendatory of section 99 of the code, 2 G. & H. 118, it becomes the imperative duty of the court below to relieve a party from a judgment taken against him through mistake, inadvertance, surprise, or excusable neglect. . It would seem to follow that as the court below not only has full power to so relieve a party, but is, by law, commanded so to do, the invocation of that power is a condition precedent to a status in this court. *Barnes* v. *Wright,* 39 *Ind.,* 293 *Barnes* v. *Conner* 39 *Ind.,* 294.

The weight of authority denominates the possession of the mor agor a tenancy. The mortgagor is tenant to the mortgagee. 1 *Hilliard on Mortgages,* 184 *et seq.*

The appellant claiming under the mortgagor, of course, stands in the same relation. The redemption act does not change that relation. It could not. It simply prolongs the tenancy for one year.

A tenant cannot set off the value of improvements made by him voluntarily in an action to recover for use and occupation. *Grossman* v. *Lauber,* 29 *Ind.,* 618.

The owner is never chargeable with the repairs and improvements made by the tenant on his own motion.

Improvements made by the mortgagor or his assigns with notice of the mortgage, attach to the realty, and become a part of the security. *Winslow* v. *Merchants, etc.,* 4 *Met.* 310; *Winslow* v. *King,* 8 *Wend.,* 584; *Shephard* v. *Philbrick,* 2 *Denio,* 174; *Jones* v. *Thomas,* 8 *Blackf.* 428; *Crews* v. *Pendleton,* 1 *Leigh.* 297, 305.