COLE ET UX. *v.* ALLEN.

RECORD.—*Default.*—*Summons.*—Where, on an appeal from a judgment taken by default, the action of the court in overruling a motion to set aside the default for want of a legal summons and proper service thereof is presented, and the summons does not appear in the record, the judgment will be reversed.

SUPREME COURT.—*Rehearing.*—The supreme court will not grant a rehearing to enable a party to have the record corrected by means of a *certiorari.*

SUMMONS.—*Service out of State.*—*Affidavit.*—When a summons has been personally served out of the State, it must be shown by affidavit that the person served is the identical person named in the action or proceeding; and it is not sufficient to show by affidavit that the person served *acknowledged himself* to be such identical person.

From the Marion Superior Court.

*J. E. McDonald, J. M. Butler, F. B. McDonald* and *G. C. Butler,* for appellants.

*W. Wallace,* for appellee.

DOWNEY, J.—Action by the appellee against the appellants to foreclose a mortgage, and judgment by default for the plaintiff *in rem* only. The question presented arose out of a motion in special term of the superior court to set aside the default and judgment for want of legal summons and proper service thereof, the motion having been overruled in special term and this action affirmed in the general term. The summons, it is stated, was issued to the sheriff of Marion county, Indiana, and served personally on the defendants, in Boston, in the State of Massachusetts. The record shows that the summons was served on the 27th day of January, 1874, and the judgment rendered on the 7th day of March, 1874. There is nothing in the record to show when the summons required the defendants to appear. The summons is not in the record. It should appear in the record, when the judgment is by default. *Miles* v. *Buchanan,* 36 Ind. 490; *Cochnower* v. *Cochnower,* 27 Ind. 253; *The New Albany, etc., R. R. Co.* v. *Welsh,* 9 Ind. 479; 2 G. & H. 273, sec. 559.

The judgment is reversed, with costs, and the cause

remanded to the general term, with instructions to reverse the judgment at special term, and remand the cause for further proceedings.

## ON PETITION FOR A REHEARING.

DOWNEY, J.—A petition for a rehearing is filed in this case, and in connection with it a certified copy of the summons which was issued in the cause and of the affidavit of service thereof. We are asked to grant a rehearing and award a *certiorari* to bring up an authentic copy of the process and the proof of service thereof.

It has been several times decided by this court that it will not grant a rehearing to enable a party to have the record amended. The reasons for the rule are given in the opinion on the petition for a rehearing in *Warner* v. *Campbell*, 39 Ind. 409. We cannot make exceptions to the rule.

We may remark, however, as a further reason for not granting the petition, that the affidavit of service of the writ, etc., seems to us insufficient. The statute provides for such service of process out of the State, but it requires that the affidavit of the service shall "set forth that the person thus served with notice is the identical person named in the action or proceeding; or the identity of the person served may be proved by the affidavit of the plaintiff, or any other person." 2 G. & H. 64, sec. 39. The affidavit in this case states that the person making it, on a day named, served the summons, by reading the same to the defendants, Charles H. Cole and Mary L. Cole, and that "the persons thus served acknowledged themselves to be the identical persons named in the action or proceeding in which this summons has been issued." The object of the legislature, in requiring proof that the party served is the same as the party to the action, was, no doubt, to prevent the service of process on one person and the taking of judgment against another. It is evident that it furnishes no security against such a fraudulent practice, to prove that the person on whom the process is served acknowl-

edged himself to be the person sued. We think that, upon this affidavit, the court should not have found that legal service had been made.

The petition is overruled.