FRANK W. FORMAN and Another v. HENRY J. SAUNDERS.[1]

June 17, 1904.

Nos. 13,880—(121).

**Landlord and Tenant.**

In an action upon a lease, to recover unpaid rent for a portion of the term, *held*, upon the record, the lessee and one of the joint owners of the premises so leased are estopped from objecting to a recovery by a joint owner of the full amount of rent due from the lessee, both joint owners being parties to the action.

**Entry of Judgment.**

Whether a judgment may be entered in favor of a joint plaintiff after amendment of the complaint so as to allege a cause of action in his favor, but without striking out the name of the other party, is not presented by the assignments of error.

Action in the municipal court of Minneapolis by Frank W. Forman and M. Louise Parker, plaintiffs, to recover from defendant $250 and interest, for rent accrued upon a written lease. Upon the trial the court, Holt, J., permitted the complaint to be amended by striking out the allegation that the lease was executed by plaintiffs Forman and Parker and substituting an allegation that the same was executed by Forman alone, and thereupon judgment was ordered in favor of plaintiff Forman for the sum demanded. From an order denying a motion for amended findings or for a new trial, defendant appealed. Affirmed.

*Mead & Robertson,* for appellant.

*Wm. B. McIntyre,* for respondents.

DOUGLAS, J.

Action by tenants in common to recover rent due upon a lease for three years executed by one of them, in which lease the other tenant in common purported to join; her name being signed thereto by her husband, who was not authorized in writing to do so. The court ordered judgment in favor of Frank W. Forman, one of the tenants in common, for the full amount of the balance of rent due. The defendant appeals from the denial of his motion for a new trial.

[1] Reported in 100 N. W. 93.

Defendant occupied the premises in question two years and ten months, and thereupon, without cause, and without any interference from either of the plaintiffs, vacated the premises, and this action was brought to recover rent for the two remaining months of the tenancy. At the close of the trial the court entered an order permitting an amendment of the complaint so as to charge a leasing to the defendant by Frank W. Forman, one of the plaintiffs, and duly made findings of fact to the effect that the lease in question was executed by him to said defendant, that the full amount of the accrued rent therefor remained unpaid to the extent of $250, and directed judgment accordingly.

It is clear the cotenant ratified the lease under consideration by joining in this action, and while the necessity for an amendment to the pleadings is not apparent, or the reason therefor clear, the practice is settled that the granting of amendments is addressed to the discretion of the trial court, and its action will not be reversed except in case of abuse. City of Winona v. Minnesota Ry. Const. Co., 29 Minn. 68, 11 N. W. 228. We are of the opinion that an abuse of discretion did not occur in this instance.

Whether a judgment may be entered in favor of one plaintiff in a joint action without an amendment striking out the name of the other is not before us, as defendant's assignments of error do not present the question. Mrs. Parker not only acquiesced in the leasing of the premises by Mr. Forman, by receiving her portion of the rent, but refrained from interfering with the lessee, and also joined in bringing this action on the lease. Finally, when her right to recover the rent due in a joint action with her cotenant was challenged, she joined in an application to amend the complaint, and, by her attorney, urged that judgment be entered for the full amount in favor of Mr. Forman. This was done for the reason that defendant insisted that the act of her husband in signing the lease in her name was a nullity.

We are of the opinion that both the defendant and Mrs. Parker are estopped by their actions at the trial from objecting to a recovery by Frank W. Forman of the amount actually due upon said lease, and while it has been held in other jurisdictions that a lease of the property executed by one of the tenants in common without the consent of his cotenants, but not interfered with by the latter, is binding on the parties to the lease (17 Am. & Eng. Enc. [2d Ed.] 674, and cases cited; Gross-

man v. Lauber, 29 Ind. 618), we consider it unnecessary either to affirm or deny the soundness of the doctrine.   The defendant owes plaintiffs the amount of the .judgment.   Mrs. Parker remains, without objection, a party to the record, and is thereby estopped from recovering from the defendant in other proceedings, while defendant, by his action upon the trial, has estopped himself from questioning a recovery by her cotenant.

On the whole, we are of the opinion that substantial justice has been done, although in a rather unscientific manner, and that the record does not present reversible error.

It therefore follows the order denying a motion for a new trial is affirmed.