Nov. Term,
1859.

HARLAN and Wife *v.* EDWARDS, Administrator.

HARLAN
v.
EDWARDS.

Where judgment was rendered by default, and no motion was made to set aside the default, nor any proceedings instituted for relief from the judgment, or to review it—*held,* upon the authority of *Blair* v. *Davis,* 9 Ind. R. 238, that there is nothing for the consideration of the Supreme Court, on appeal.

*Tuesday,*
*December* 13.

APPEAL from the *Grant* Circuit Court.

HANNA, J.—Suit upon a note and to foreclose a mortgage, &c. Judgment by default.

It is said the record does not show a service of notice on the defendants. That part of the return of the sheriff, in question, is as follows: " Served as commanded by reading, *September* 25, 1857, as to *A. J. Harlan* and *H. Harlan."* The return is indorsed on the summons which commanded the sheriff to "summon *Andrew J. Harlan* and *Delilah Harlan."* It is insisted that a return showing a service on *A. J. Harlan,* does not show a service on *Andrew J.,* and that the return does not at all show a service on *Delilah.* It is suggested that the return would have been sufficient if the latter branch had been left off, because it could not be served as commanded, unless the service had been upon the persons named in the command; and that after the return was thus complete, an attempt was made by the officer to set forth the names of the persons upon whom the service was had. In that attempt it is evident that, as to one of the defendants, a mistake was made (if the former part of the return was true), in setting forth the initial letter of the first name. It is further insisted that the first and substantive part of the return should be considered the controlling part thereof, and that the last part might be treated as surplusage, or at most as being such a clerical error as might have been amended, to agree with the former part, on motion below, and will be considered here as having been so amended.

We have no doubt the service upon *Andrew J.* is sufficiently shown, and he being the husband, as shown by the record, of the other defendant, she would, perhaps, be considered in Court, as the suit does not affect her separate

property (6 Blackf. 435; 6 Ind. R. 62), even if the above suggestions are not correct; but certainly there is some strength and great plausibility in them.

Several errors are assigned in reference to the correctness of the proceedings as to Mrs. *Harlan*. It is urged that, as the record shows that she is a married woman, it was error to render a judgment against her for the sale of the mortgaged property, &c., because the record does not show that there was a guardian *ad litem* appointed for her, and proof made, &c. As to the first part of the proposition, we are not aware of any rule of practice under our code of procedure, that would require the defense to be by guardian in such a case as this. To the reverse we have a statute designating the instances in which a married woman can sue and be sued, which contains this clause, "but in no case shall she be required to sue or defend by guardian or next friend, except she be under the age of twenty-one years." 2 R. S. p. 29.

As to the second branch of the proposition, the appellants rely upon the case of *Comley* v. *Hendricks*, 8 Blackf. 189. In that case there was an appearance by the defendants, and the subsequent proceedings were had with reference to that fact. The record in this case moreover informally discloses the fact that after the default there was a trial, and as the evidence does not properly go upon the record, unless placed there by the parties, the presumption would be in favor of the determination of the Court upon such trial (or more properly speaking, under the circumstances, hearing), and that legitimate evidence had been heard to authorize the judgment. *Alexander* v. *Frary*, 9 Ind. R. 481.

We have thus, at some length, thrown out these suggestions in relation to the questions discussed in this Court, although in point of fact, under the decision in *Blair* v. *Davis*, 9 Ind. R. 236, there is nothing before us for our consideration. This was a judgment by default, and no motion was made in the Court below to set aside the default, nor were any proceedings instituted to be relieved from the judgment, or to review it. The statutes, and

mode of procedure, upon these points, appear to be ample to enable a party, by an application to the Court where the judgment is rendered, to obtain relief if injustice has really been done. At least the opportunity is presented to a party to have his day to be heard in Court, and if the Court, upon reviewing the proceedings, either formally or informally, should adhere to an erroneous ruling or order, the party aggrieved can then except, and the matter can be brought before us in a proper form. A mere informality, such as might be contained in the return of an officer, could be corrected, and parties would thus be saved the delay, &c., of an appeal to this Court, to obtain the correction of such mere informalities. If the defect could not be remedied, but should be found to be substantial, then the Court should, without doubt, relieve the party from the effects thereof, if not, he would then be compelled to submit to the hardship, &c., of a resort to this Court. But the authority of the Court below should first be invoked, before resorting to an appeal under such circumstances.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*H. S. Kelly*, for the appellants.

*I. VanDevanter* and *J. F. McDowell*, for the appellee.