## Skeen and Another v. Huntington.

JUDGMENT BY DEFAULT.—RELIEF FROM.—Where a judgment has been rendered by default, a motion to set aside the default, or some proceeding to be relieved from the judgment, or to review it, must precede an appeal to the Supreme Court.

SUITS AGAINST UNITED STATES OFFICERS.—Suit against A and B for assault and battery and false imprisonment. B appeared and filed an affidavit stating that at the time of making the arrest complained of he was, and still is, the deputy of A, who was provost marshal for the fourth congressional district of the State of *Indiana,* under the authority of the President of the *United States.* He also tendered a bond, conditioned that the defendants would file the process and proceedings against them in the Circuit Court of the *United States* for the district of *Indiana,* &c., and thereupon moved to have the cause transferred to that court.

*Held,* that the affidavit was bad for not alleging that the arrest complained of was made by virtue or under color of authority derived from the President, or from some act of Congress.

APPEAL from the *Ripley* Circuit Court.

RAY, J.—*Huntington* filed his complaint against *Skeen* and *McQuiston,* for assault and battery and false imprisonment. The summons was returned as follows: "Served this summons by leaving a certified copy of the same at the residence of *John C. McQuiston,* and by reading to *Jeremiah D. Skeen.*" *Skeen* appeared in court and filed an affidavit setting forth that at the time of making the arrest alleged in the complaint he was the "deputy of *McQuiston,* who was provost marshal, under the authority of the President of the *United States,* for the fourth congressional district of the State of *Indiana,* and that said *McQuiston* has continued to hold said office of provost marshal from that time to the present, and this defendant has continued to be the deputy of said *McQuiston* till this time." The affidavit was accompanied by a bond, conditioned that the appellants would file the process and proceedings against them in the Circuit Court of the *United States* for the district of *Indiana,* on the first day of its next session, and would appear and

abide by the order of said court in the premises. There-upon said *Skeen* moved the court to transfer the cause to the Circuit Court of the *United States,* which motion the court overruled, and *Skeen* excepted. Afterward the appellants, failing to answer or make any defense to the action, were defaulted; the damages were assessed by a jury, and judgment was rendered against them on the verdict.

The only questions presented by counsel are: 1. Was the service upon *McQuiston* sufficient to authorize a judgment by default against him? 2. Did the court below err in refusing to certify the cause to the Circuit Court of the *United States?*

The question of service we cannot consider, as it has been ruled by this court that where judgment has been taken by default, a motion to set aside the default, or proceedings for relief from the judgment, or to review it, must precede an appeal to this court. *Blair et al.* v. *Davis,* 9 Ind. 236; *Harlan et ux.* v. *Edwards, Adm'r,* 13 Ind. 430; *Frasier et ux.* v. *Hubble, id.* 432; *Kirby* v. *Robbins, id.* 470. These cases have been consistently followed, and must be regarded as the rule in this court.

The 5th section of the "act relating to *habeas corpus,* and regulating judicial proceedings in certain cases," passed by the Congress of the *United States,* and approved *March 3,* 1863, provides "that if any suit or prosecution, civil or criminal, has been or shall be commenced in any state court against any officer, civil or military, or against any other person, for any arrest or imprisonment made, or other trespass or wrong done or committed, or any act omitted to be done, at any time during the present rebellion, by virtue or under color of any authority derived from, or exercised by or under, the President of the *United States,* or any act of Congress, and the defendant shall, at the time of entering his appearance in such court, or if such appearance shall have been entered before the passage of this act, then at the next session of the court in which such suit or prosecution is pending, file a petition stating the facts, and verified by

affidavit, for the removal of the cause for trial at the next Circuit Court of the *United States*," &c., and shall also file a proper bond, the court shall proceed no further in the cause, but upon filing copies of such proceedings in the Circuit Court of the *United States* for that district, that court shall take jurisdiction of the action.

In the case now under consideration, the affidavit does not aver that the false imprisonment with which the appellants are charged was made by virtue or under color of any authority derived from, or exercised by or under, the President of the *United States*, or any act of Congress, and the court therefore properly refused to sustain the motion to stay proceedings. If the act complained of was performed under such authority, the failure to so aver in the affidavit may have resulted, accompanied as it was by a neglect to make any defense to the action, in great wrong to the appellant who filed the application, but that injury results from the gross neglect of the person who prepared the affidavit, and to him he must look for relief. We do not presume that the counsel appearing in this court are chargeable with such failure.

The appeal of *McQuiston* is dismissed, with costs, no question being properly presented by the record for review in this court, and as to the appellant *Skeen*, the judgment is affirmed as to the error assigned, with costs.

*J. S. Scobey*, for appellants.