———o———

THE NEW EEL RIVER DRAINING ASSOCIATION *v.* DURBIN.

DRAINING ASSOCIATION.—A draining association, organized under the act of June 12th, 1852, is not a corporation until the articles of association have been in fact recorded in the recorder's office of the county or counties in which the contemplated work is situated.

SAME.—*Assessment*.—Procuring an assessment to be made upon lands to aid in the construction of a drain is a corporate act, and cannot be legally done until after the articles of association have been recorded.

SAME.—*Practice*.—In a suit by a draining association upon an assessment, the defendant (not being a member of the association, and not having contracted with it as a corporation) may plead *nul tiel corporation* at the date of the assessment.

SAME.—*Excessive Assessment*.—The fact that an assessment, otherwise valid, is too high, will not defeat an action thereon, but only go to reduce the amount of recovery.

PLEADING.—*Defective Answer*.—A paragraph of an answer which assumes to answer the whole complaint, whilst the facts pleaded only amount to an answer to a part, is bad.

PRACTICE.—*Supreme Court*.—The Supreme Court will not reverse a judgment for overruling a demurrer to a bad paragraph of an answer, when the judgment is rendered for the defendant on the refusal of the plaintiff to reply to a paragraph which is a good bar to the action.

APPEAL from the Boone Circuit Court.

ELLIOTT, J.—Suit by the New Eel River Draining Association against Samuel S. Durbin, upon an assessment made upon the lands of the latter, to aid in the construction of a drain. Durbin filed an answer containing five paragraphs. Issue was taken on the third and fourth paragraphs, but as no question arises upon them in this court, they need not be further noticed.

The first paragraph alleges that at the time the assessment sued on was made, the articles of association of plaintiff were not recorded in the recorder's office of Boone county, wherefore there was not at the time of making the alleged assessment, any such corporation as "The New Eel River Draining Association." 2. *Nul tiel corporation* at the date of the assessment. 5. That the eighty acres of land owned by the plaintiff and described in the complaint are divided into two distinct tracts by a public highway, known as the Jamestown and Lebanon road, which runs through said land east and west, leaving about forty-one acres north, and about thirty-nine acres south of said highway; that so much thereof as lies north of the highway is upland, dry and tillable, and would not be, in any wise, benefitted by the proposed drain; that the proposed drain

runs through the southeast corner of that part of the tract lying south of the highway, and, if properly constructed, would benefit about twenty-eight acres of that part of the tract; that as the assessment attempts to attach a lien on that part of the tract lying north of the highway, which would not be in any manner benefitted by the drain, it is wrongful and unlawful. It is also alleged that the assessment greatly exceeds in amount the benefits which would accrue from the construction of the drain to the south part of said land, &c.

To each of these paragraphs a demurrer was overruled. The plaintiff then replied to the first paragraph, that on the 15th day of October, 1866, the plaintiff's clerk, Robert F. Prichard, left the articles of association of the company, duly signed and prepared for record, with the recorder of Boone county for record, and directed him to record them; that the plaintiff's clerk afterwards called on the recorder for them, and, on being informed by the recorder that they were recorded, took them away; that the directors of the association, in the confident belief that the articles of association had, in fact, been recorded, procured the assessment to be made; that said articles were actually recorded on the 25th of December, 1867. A demurrer was sustained to the reply, to which the plaintiff excepted. The plaintiff refused to reply further, and final judgment was thereupon rendered for the defendant. The plaintiff appeals.

It is insisted on the part of the appellant, that the court erred in overruling the demurrer to the first paragraph of the answer, and also, in sustaining the demurrer to the appellant's reply thereto.

The fifth section of the act (1 G. & H. 303) under which the appellant claims to be a corporation, provides that "the company shall cause their articles of association to be recorded in the recorder's office of the county or counties in which the contemplated work is situated, and thereafter such association shall be a body politic and corporate, by the name and style so adopted, with all the rights, inci-

dents, and liabilities of bodies corporate," &c., and makes it the duty of the courts of the county or counties in which the articles are so recorded to take judicial notice of the existence of such corporation.

It is argued for the appellant that the execution of the articles of association makes the company, in fact, a corporation, but that the courts cannot judicially take notice of its existence, without its being specially pleaded, unless the articles are recorded. We cannot so construe the statute. As we read it, the recording of the articles of association is a condition precedent to the investment of corporate powers upon the company. The articles being recorded, then—"thereafter"—and not before, "such association shall be a body politic and corporate." The language of the statute is too plain to admit of any other reasonable construction.

Procuring an assessment to be made was a corporate act, and could not be legally done until after the articles of association were recorded, and the association thereby clothed with corporate powers. It follows, that the first paragraph of the answer, which avers that the articles were not recorded at the time the assessment was made, is a good bar to the action, and the demurrer to it was, therefore, properly overruled. The reply to that paragraph is not sufficient to avoid it. It sets up as an excuse for failing to have the articles of association recorded before the assessment was made, that they were left with the recorder by the company's clerk, who afterwards took them away, on being informed by the recorder that they were recorded, and the directors of the company so believed. This may show that the recorder was more at fault for the failure than the directors, but it does not fill the requirement of the statute, nor make the association a legal corporation prior to the time the articles were in fact recorded, and, hence, the court did right in sustaining the demurrer to the reply.

The second paragraph of the answer, we think, is good.

The defendant was not a member of the association, nor had he contracted with it as a corporation, and was not, therefore, estopped from denying its legal existence as such at the time of making the assessment upon which he was sued. He does not deny that a corporation legally existed when the suit was brought or at the time of filing the answer, but alleges that it was not such when the assessment was made; and if the allegation be true, then, as we have seen, the assessment was without authority of law and void. The answer does not controvert the right of the association to sue in its corporate name after the articles of association were recorded, but denies the right to recover on a void assessment; and we think the second paragraph of the answer properly raises that question.

The same question, however, was directly presented by the first paragraph, and the second might have been stricken out on motion.

The act requires the appraisers to assess the benefits to each tract that would result from the construction of the drain. The assessment presented in the complaint shows a compliance with the statute in that respect. It describes the defendant's land as the east half of the southeast quarter of section 31, township 18, in range 1 west, containing eighty acres, and assesses the benefits thereto at two hundred and fifty dollars. The fifth paragraph of the answer denies that forty-one acres of the north end of the tract would be, in any wise, benefitted by making the drain, and that the assessment exceeds the amount of benefits that would result therefrom. The latter fact, if properly presented, is authorized by the statute to be shown in defense; but it is not intended by the statute that proof that the assessment is too high should defeat the action. It would only go to mitigate, or reduce the amount to the actual benefits. The only effect that could be claimed by showing that a part of the described tract would not be benefitted by the drain, would be to confine the lien in the final judgment to the part ben-

efitted thereby, and whether it would have that effect we need not now determine, as that paragraph of the answer is clearly defective, in assuming to answer the whole complaint, whilst the facts pleaded, at most, only amount to an answer to a part of it; and hence, the demurrer to it should have been sustained. We cannot, however, reverse the judgment for this error, as it was rendered on the refusal of the appellant to reply to the first paragraph, which we have held to be a good bar to the action.

The judgment is affirmed, with costs.

*A. J. Boone, R. W. Harrison, O. S. Hamilton,* and *C. C. Galvin.* for appellant.

*C. C. Nave, S. Neal,* and *J. M. Butler* for appellee.