*J. D. Alexander, E. E. Rose,* and *E. H. C. Cavins,* for appellee.

———————◆———————

## YANCY ET AL. *v.* TETER ET AL.

PLEADING.—*Substituted Complaint.*—The filing of a substituted complaint disposes of the original complaint.

DEFAULT.—*Motion to Set Aside.*—*Notice.*—Where a motion to set aside a default is made at the term when judgment has been rendered, notice of the motion is not required; if made at a subsequent term, notice should be given.

SAME.—A motion to set aside a default must be supported by affidavit, and it must be shown that the party has a valid or meritorious defence, and the defence itself must be set out; and facts must be set out showing why an appearance was not made to the action before default, showing that the default was taken " through his mistake, inadvertence, surprise, or excusable neglect."

SAME.—Where a judgment has been taken by default, a motion to set aside the default, or proceedings for relief from the judgment, or to review it, must precede an appeal.

PLEADING.—*Demurrer.*—No error can be committed in overruling a demurrer to a reply to a bad answer.

INTEREST ON MONEY.—*Usury.*—One who has paid, or agreed to pay, interest at a higher rate than ten per centum per annum can only recoup or defend against the excess over ten per cent.

PLEADING.—*Answer.*—A paragraph of an answer which assumes to answer the whole complaint, or some entire item or particular portion thereof, while the facts pleaded only amount to an answer to a part, is bad.

CONTRACT.—*Indemnity.*—A., at the request of B., borrowed of C. a certain sum of money, and gave C. his note for the same. A., as previously agreed, then let B. have the money, and B. made his note to A. for the same.

*Held*, that A. did not hold the note of B. as an indemnity, and he could recover of B. on his note without having himself made payment to C.

APPEAL from the Marion Common Pleas.

BUSKIRK, C. J.—Boyed Teter and George Teter were the plaintiffs in the court below, and are the appellees here. The appellants were the defendants below. The original complaint was filed on the 3d day of August, 1870, and was against Joseph A. Yancy and James L. Yancy. The action was based upon a note alleged to have been executed by the defendants, payable to the appellees for the sum of one thousand one hundred and fifty dollars, and upon an alleged balance of fifty-five dollars due upon an account. A summons was issued on this complaint, and was served upon Joseph A. Yancy and returned not found as to James L. Yancy. On the 8th day of September, 1870, that being the fourth judicial day of said term of court, Joseph A. Yancy appeared and demurred to the complaint for an alleged insufficiency of facts. The appellees, on the 5th day of October, 1870, that being the twenty-seventh judicial day of the September term of said court, by the leave of the court, filed a substituted complaint against Joseph A. Yancy and John G.

Yancy. The substituted complaint was based on the same note and account as described in the original complaint. Upon the filing of the substituted complaint, the court overruled the demurrer which had been filed to the original complaint, and the said Joseph A. Yancy excepted to such ruling.

Upon the filing of the substituted complaint, the appellees filed interrogatories, and Joseph A. Yancy was ruled to answer them on the next day. On the 8th day of October, 1870, that being the thirtieth judicial day of said term of court, Joseph A. Yancy was three times called, and, failing to answer, he was defaulted, and judgment was rendered against him for the full amount of the note, with interest, and for the balance due upon said account. The summons and return thereon are in the record, and show proper service as to Joseph A. Yancy.

The suggestion of not found was made as to John G. Yancy, and as to him the cause was continued for service of process.

It does not appear from the record that any summons was issued against John G. Yancy, after the substituted complaint was filed.

On the 9th day of November, 1870, that being the third judicial day of the November term, 1870, of said court, John G. Yancy appeared and filed an answer in two paragraphs.

On the fourth judicial day of said term, the appellant John G. Yancy was ruled to answer on the 12th day of November the interrogatories filed by the plaintiffs. On the fourth judicial day of said term, John G. Yancy filed interrogatories, and the appellees were ruled to answer them on the 12th day of November, 1870.

On the 16th day of November, 1870, John G. Yancy filed his answer to the interrogatories filed by the plaintiffs.

On the 23d day of November, 1870, that being the fifteenth judicial day of said term, the plaintiff filed a reply to the second paragraph of the answer of John G. Yancy. Thereupon the appellant John G. Yancy demurred to the reply,

on the ground that it did not contain facts sufficient. The court overruled the demurrer, and the appellant John G. Yancy excepted.

By the agreement of the parties, the issues formed between the appellees and appellant John G. Yancy were submitted to the court for trial, and resulted in a finding that said John G. Yancy was indebted to the appellees on the note sued on, in the sum of one thousand two hundred and seventy dollars.

The record then contains the following entry:

"Come now the defendants by Hanna & Knefler, their attorneys, and move the court to set aside the default heretofore taken in this cause against the defendant Joseph A. Yancy; and also move the court for a new trial, as to both of said defendants, for the following reasons, to wit:

"First. That the court erred in overruling the defendants' demurrer to the complaint.

"Second. The court erred in striking out the defendant Joseph A. Yancy's answer to the complaint, on the grounds of failure to answer certain interrogatories propounded to them, rule being to enforce said answer by attachment.

"Third. The court erred in striking out the defendant Joseph A. Yancy's answer, and ordering a judgment against him as on default.

"Fourth. Error of the court in overruling the demurrer of the defendant John G. Yancy to the reply filed by the plaintiffs to the second paragraph of the said Yancy's answer.

"Fifth. That the judgment of the court, as to the defendant John G. Yancy, is not sustained by the evidence.

"Sixth. That the finding and judgment of the court, as to the defendant John G. Yancy, is contrary to the evidence.

"Seventh. Error of law occurring on the trial of said cause.

"Eighth. That the damages assessed are excessive, and not sustained or supported by the evidence.

"Ninth. That the original complaint filed herein was

against Joseph A. Yancy and James L. Yancy, upon which process was taken out and served, and judgment awarded against the defendant Joseph A. Yancy; that the substituted complaint filed is against Joseph A. and John G. Yancy, being different parties, and, therefore, the court erred in permitting the same to be filed as a substituted complaint, and erred in the rendition of a judgment thereon.

"HANNA & KNEFLER,

"Attorneys for Defendants."

Which motion the court overrules; said defendants except to such ruling; and, on motion, thirty days time is allowed in which to file a bill of exceptions.

Within the time limited, a bill of exceptions was filed, embodying the evidence given upon the trial of the issues between the appellees and John G. Yancy, but no bill was filed in reference to the motion of Joseph A. Yancy to set aside the default. The court rendered judgment against John G. Yancy upon its finding against him.

Both of the defendants have appealed, and assigned the following errors:

"First. The court erred in overruling Joseph A. Yancy's demurrer to the original complaint.

"Second. The court erred in refusing to set aside the default and judgment rendered against Joseph A. Yancy.

"Third. The court erred in overruling the demurrer of John G. Yancy to plaintiffs' reply to the second paragraph of his answer.

"Fourth. The judgment of the court, as to the defendant John G. Yancy, is not sustained by the evidence.

"Fifth. That the finding and judgment of the court, as to the defendant Joseph A. Yancy, is contrary to the evidence.

"Sixth. That the damages assessed against the said Joseph A. Yancy are erroneous and excessive, and not supported by the evidence.

"Seventh. That the court erred in the rendition of any judgment whatever against the said Joseph A. Yancy on the original complaint filed.

"Eighth. The court erred in overruling appellants' motion and reasons for a new trial of this cause."

We will first determine whether there appears of record any error, of which the appellant Joseph A. Yancy can complain. The first three reasons assigned for a new trial were intended to apply to Joseph A. Yancy. The first is not a valid reason for a new trial, but should be assigned for error.

The second and third have no foundation in fact. The record does not show that any answer was filed by Joseph A. Yancy, or that any such answer was stricken out. Nothing of the kind was shown, either in the minutes of the court or in a bill of exceptions. It results that there was no valid reason for a new trial shown by the appellant Joseph A. Yancy.

The first, second, fifth, sixth, and seventh assignments of error relate to Joseph A. Yancy.

The first assignment is, that the court erred in overruling the demurrer to the original complaint. The demurrer was filed to the original complaint, but before the court made any ruling thereon, the plaintiffs, by the leave of the court, filed a substituted complaint. The filing of the substituted complaint disposed of the original complaint. The original complaint had been substituted by the new complaint, and no longer constituted a paper in the cause. The action of the court, in overruling the demurrer thereto, was a nullity, and worked no injury to the appellants, and no error can be assigned on such ruling. There was no objection made to the filing of the substituted complaint, nor was there any motion made to strike it out, nor was a demurrer filed thereto, but the appellant appeared thereto without objection.

The second assignment of error is based upon the refusal of the court to set aside the default. This assignment assumes that a proper application was made. In our opinion, this assumption is unfounded. The default was entered at the September term. The motion was made at the next term. There was no notice given of the motion. When the motion is made at the term when judgment is rendered,

Yancy *et al. v.* Teter *et al.*

no notice is required; but when made at a subsequent term, there should be notice. 3 Ind. Stat. 375.

There was no proper application made to set aside the default. At the November term, there was coupled with the motion for a new trial a motion to set aside the default, but there was no excuse shown why the said Joseph A. Yancy did not appear to the action at the time when the default was taken, nor was it shown that he had any valid or meritorious defence to the action. The motion was not supported by affidavit. To entitle a party to have a default set aside, it must appear that it was taken "through his mistake, inadvertence, surprise, or excusable neglect." There was no excuse shown.

It must also appear that the party has a valid and a meritorious defence. It is not enough to say that the party has a valid defence, but the defence itself must be set out, so that the court may see that it is a valid defence. *Goldsberry v. Carter*, 28 Ind. 59; *Phelps v. Osgood*, 34 Ind. 150.

Where a judgment has been taken by default, a motion to set aside the default, or proceedings for relief from the judgment, or to review it, must precede an appeal to this court. *Blair v. Davis*, 9 Ind. 236; *Harlan v. Edwards*, 13 Ind. 430; *Gray v. Dickey*, 20 Ind. 96; *Skeen v. Huntington*, 25 Ind. 510.

There having been no proper application in the court below to set aside the default, we cannot consider the fifth, sixth, and seventh assignments of error. Besides, there was no foundation made in the motion for a new trial for the fifth and sixth assignments of error. The seventh assignment is not supported by the record. The judgment was rendered on the substituted, and not on the original, complaint.

We are next to inquire whether there were any erroneous rulings against the appellant John G. Yancy. The first error that is assigned by him is based upon the action of the court in overruling the demurrer to the reply to the second paragraph of the answer. To render our ruling intelligible, it will be necessary to set out the second paragraph of the

answer and the reply thereto.   The answer reads as follows:

"Second.  And said defendant, for further answer to plaintiffs' complaint says, that at the time of the execution of the said note sued on, his co-defendant, Joseph A. Yancy, borrowed of plaintiffs the sum of one thousand dollars, and no more; that interest on said note was calculated at the rate of fifteen per cent. for one year; that said interest at said rate was added to the principal, and then a note executed for eleven hundred and fifty dollars, it being the same note sued on; and defendant says that, as to said sum of one hundred and fifty dollars, the only and sole consideration therefor is interest at the rate of fifteen per cent., which amount of interest is usurious and illegal; that, as to said usurious and illegal interest, there is no consideration therefor, and that said note, as to said sum, is without legal consideration. Wherefore, as to said sum of one hundred and fifty dollars, the defendant prays that the same abate and be deducted from said note sued on.   Wherefore, said defendant, as to the matters herein pleaded, prays judgment.

"HANNA & KNEFLER,

"Attorneys for defendant."

The reply thereto was in these words:

"Come now the plaintiffs, Boyed Teter and George Teter, by their attorneys, and for a reply to the second paragraph of defendant John Yancy's answer, say, first, that the consideration of said notes was not for money loaned, as in said answer stated, but that the consideration of said notes was as follows:   The said defendant and one Joseph A. Yancy were desirous of borrowing money in Hamilton county, Indiana, where the plaintiffs reside, and had no credit in the said neighborhood of plaintiffs, except with plaintiffs; that the plaintiffs had no money to loan, but were themselves borrowers; but there was residing in said neighborhood one Lewis Underwood who had money to loan, but would not loan it to the said Yancys, and the said Yancys requested the plaintiffs to borrow the sum of one thousand dollars of the said Underwood for them, and give their note to the

Yancy *et al. v.* Teter *et al.*

said Underwood for the sum of eleven hundred and fifty dollars, payable one year after date, and that they, the said Yancys, would give their note to the plaintiffs for the like sum, to secure them for the payment of the said note made by them to the said Underwood; and plaintiffs allege that they did give their note to the said Underwood for the said sum of eleven hundred and fifty dollars, payable one year after the date thereof, and did receive from the said Underwood one thousand dollars, which identical money they carried to the defendants, Yancys, and gave the same to them, taking from them the note sued on in this case, pursuant to the agreement aforesaid. Wherefore, the plaintiffs say that the consideration of the note sued on was for borrowing the said money from the said Underwood for the said defendants, and giving their note to the said Underwood, and becoming responsible to the said Underwood therefor, and for no other consideration whatever.

"And plaintiffs further aver that there was no agreement between the plaintiffs and defendants for the payment of any interest whatever; that the plaintiffs received no interest whatever from the defendants, nor was there any received for their benefit in the transaction; that the whole transaction was made at the request of the defendants and for their accommodation and benefit; wherefore the plaintiffs demand judgment.                          Voss & Davis,

"Attorneys for plaintiffs."

The substance of the answer was, that as to one hundred and fifty dollars of the note, there was no valid consideration, because such sum was for interest reserved at the rate of fifteen per cent. per annum.

The reply denied that any part of the consideration of the note was for interest, but averred that as to one hundred and fifty dollars of the note, the consideration was for the services of the plaintiffs in negotiating the loan with Underwood, and for becoming personally responsible for said sum of money.

If any part of the consideration of the note was for usuri-

ous interest, such consideration was illegal. But it was a question of fact, to be determined on the trial, what was the real consideration of the note. We think the reply presented such an issue. But, however this may be, we are very clearly of the opinion that the court committed no error in overruling the demurrer to the reply, for the reason that the answer was bad.

The facts stated in the answer were pleaded in bar of one hundred and fifty dollars of the note sued on, and not to so much as might be usurious. It is provided by the first section of "an act concerning interest on money, and to provide for recoupment of usurious interest," approved March 9th, 1867, "that interest upon the loan or forbearance of money, goods or things in action, shall be at the rate of six dollars a year upon one hundred dollars, and no greater rate of interest shall be taken, directly or indirectly, unless the agreement to pay a higher rate of interest be made in writing, and signed by the party to be charged; but such rate of interest shall in no case exceed the rate of ten dollars a year on one hundred dollars; but it may be taken yearly, or for any shorter period, in advance." 3 Ind. Stat. 317.

By the above section, two legal rates of interest are fixed. Six per cent. per annum upon one hundred dollars is the legal rate, in the absence of an agreement in writing, signed by the party to be charged, to pay a higher rate of interest, and no greater rate than six per cent. can be received without such agreement. But it is further provided by said section, that persons may, by such an agreement, fix the rate of interest at any rate not exceeding ten per cent., but such rate of interest shall in no case exceed the rate of ten per cent.

It is further provided by the second section of said act, that "all interest exceeding the rate of ten per centum per annum shall be deemed usurious and illegal, as to the excess only, and in any action upon a contract affected by such usury, such excess may be recouped by the defendant when-

ever it has been reserved or paid before the bringing of the suit; provided, that nothing herein contained shall affect the loan of public funds, nor interest on purchase-money of canal, college, school or saline funds." 3 Ind. Stat. 318.

It is provided by the above section, that one who has paid or agreed to pay interest at a higher rate than ten per centum per annum can only recoup or defend against the excess over ten per cent. It is alleged ∕in the answer that interest was reserved at the rate of fifteen per cent., and that the amount so reserved was added to the sum borrowed, and a note was taken for both sums. Ten per cent. of the interest so reserved was legal; and in an action upon such instrument, the excess only, over the rate of ten per cent., could be recouped. The answer was pleaded in bar of one hundred and fifty dollars, when the facts stated therein showed that it was only a bar to fifty dollars.

A paragraph of an answer which assumes to answer the whole complaint, or some item or particular part thereof, while the facts pleaded only amount to an answer to a part, is bad. *Engler* v. *Davis,* 18 Ind. 296; *Free* v. *Haworth,* 19 Ind. 404; *Feaster* v. *Woodfill,* 23 Ind. 493; *Sayres* v. *Linkhart,* 25 Ind. 145; *Traster* v. *Snelson's Adm'r,* 29 Ind. 96; *Stone* v. *Lewman,* 28 Ind. 97; *The New Eel River Draining Association* v. *Durbin,* 30 Ind. 173.

It is next maintained by the appellants, that the note sued on was a mere indemnity, and that the plaintiffs could not maintain an action on the note sued on, until they had paid to Underwood the money by them borrowed of him.

We are of the opinion that the above position is wholly untenable. The appellants never borrowed any money of Underwood, and were in no sense liable to him. Underwood never had any right of action against the appellants. He loaned the money to the appellees, and took their note, payable to himself, and they loaned the money thus procured to the appellants, and took their note, payable to themselves. The appellants are not at all interested in the question

of whether the indebtedness of the appellees to Underwood is ever discharged.

It is next maintained by the appellants, that the finding of the court is not supported by, but is contrary to, the evidence. We have examined the evidence, and are of a different opinion. Besides, the evidence is so conflicting as to prevent us, under the well established practice of this court, from interfering with the finding of the court.

The judgment is affirmed, with costs.

*J. Hanna* and *F. Knefler*, for appellants.

*G. H. Voss*, for appellees.