# IN GENERAL TERM, 1873.

CHRISTINA SEITZ v. JOHN GEORGE SCHMIDT, Appellant.

PLEADING—*amended*—
ERRORS.

A subsequent pleading, covering the entire ground of action, or defense, contained in the prior pleadings, will be regarded as substituted for such prior pleadings, which are not,to be certified by the Clerk to the Appellate Court.

Errors alleged to have occurred on the trial below, cannot be corrected on appeal; the authority of the Court below hearing the cause, shall first be sought before resorting to an Appellate Court.

*Milner*, for appellant.
*Leathers & Harvey*, for appellee.

PERKINS, J.—On the 21st of May, 1873, the plaintiff filed her complaint against George Schmidt, and Nicholas R. Ruckle.

She alleges in that complaint that on the 24th of October, 1867, Schmidt obtained a judgment in the Marion Court of Common Pleas, against Frederick Seitz, her husband, for four hundred and forty three dollars and sixty-six cents and costs, &c.; that about two years afterward she became, and still continued to be, the owner in fee simple in her own right, of a certain piece of real estate (particularly describing it)—that Schmidt afterward caused an execution to be issued on the judgment above named against her husband, and to be levied upon the said described property of the

plaintiff, and on the 7th of December, 1872, caused the same to be sold by Sheriff Ruckle, as the property of her husband, Frederick Seitz, said Sheriff delivering a certificate of sale to the purchaser, &c. She prays that said sale, &c., be decreed to be null, &c., and the cloud removed from her title.

On the 4th of June, Ruckle filed a disclaimer.

On the 5th Schmidt filed a demurrer to the complaint, which was overruled.

On the 9th, Schmidt filed answer to which there was a rule to reply.

On the 16th of June, defendant filed a second paragraph of complaint, which was amended on the 18th.

This second paragraph of complaint alleges all the facts stated in the first paragraph, with dates, amounts, &c., and also alleges the further fact, that on the 23d of November, 1871, said Schmidt instituted suit in the Marion Civil Circuit Court, to subject the property of the said plaintiff Christina Seitz, described in the first, and also in the second paragraph of the complaint, in this suit, to the payment of said judgment against her husband, which suit was tried, and judgment therein rendered against said Schmidt on the 24th of October, 1872, a transcript of which judgment is made a part of said second paragraph of complaint, which paragraph contains the same prayer for relief as did the first paragraph.

On the 21st of June, a demurrer was filed to this second paragraph of complaint, which was overruled on the 5th of July.

On the 7th of July, defendant Schmidt, elected to stand by his demurrer to said second paragraph, and thereupon the Court proceeded to render final judgment, and decree in the case against him.

No exception was taken to this proceeding of the Court, and no motion was made at Special Term to set it aside,

and no steps were taken to procure a trial, or judgment on the first paragraph of complaint. No motion was made for judgment for want of a reply. The defendant afterwards appealed to General Term.

He assigns for errors :

1. The overruling the demurrer to the first paragraph of complaint.

2. The overruling the demurrer to the second paragraph of complaint.

3. The rendering final judgment in the cause while the answer of defendant, Schmidt, to the first paragraph of complaint, was unreplied to.

Section 559, p. 273, 2 G. & H., contains this provision : " Neither shall the Clerk certify any pleading first filed, when there is an amended pleading of the same matter subse· quently filed, embracing all the pleading first filed, and the amendments thereto; but shall certify such amended pleading only. Every paper and pleading above excepted, may be made part of the record by exceptions, or order of the Court, on motion.

This provision rests upon the theory that a subsequent pleading, containing the entire ground of action or defense contained in the prior, shall be regarded as substituted for prior pleadings, attempting to set forth such ground of action or defense. This case falls within this provision. The so-called second paragraph was really, and plainly understood to be, a substituted complaint. This disposes of the first, and third assignments of error, and as to the second, we think the demurrer to the second paragraph, so called, was rightly overruled.

Another rule of practice also would preclude a reversal of this cause. As we have stated, no exception was taken, or objection made to the action of the Court at Special Term, in rendering the final decree that was entered, and the Court

was not asked to correct its errors, if errors were, in fact, committed.

In *Harlan* v. *Edwards*, 13 *Ind.*, 430, it is said, " the authority of the Court below should first be invoked (to correct such errors) before resorting to an appeal."

So in *Black* v. *Jackson*, 17 *Ind.*, 13, it is said, " errors in the amount, and form of the assessment, and judgment are complained of, but the record does not show any attempt to be relieved therefrom, in the Court below, and therefore we cannot consider the questions made relative thereto. In 25 Ind., 510, such is declared to be the long, established practice.

In *Cochnower* v. *Cochnower*, 27 *Ind.*, 253, this rule of practice is recognized as a general one, but divorce cases are made an exception.

There is no hardship, and need be no loss of right in requiring a party to first apply to the *nisi prius* Court to correct errors, in such cases as this, and cases of default, &c., before resorting to an appellate court. *Skeen* v. *Huntington*, 25 *Ind.*, 510.

If the defendant sustained any injury in this case, it was caused by his own fault, and negligence.,

Judgment affirmed.